# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DEFINITIVE MARINE SURVEYS
INC. dba Welaka Charters and MARK
HOLZ dba Welaka Charters,

    Petitioners,

v.                                    Case No. 3:17-cv-887-J-32PDB

SON TRAN, Son Tran, Individually
and as parent and natural guardian of
A.T., a minor child and LISA TRAN,
Lisa Tran, individually and as parent
and natural guardian of A.T., a minor
child,

    Respondents.

## O R D E R

Is the timeliness of an admiralty limitation action a jurisdictional or nonjurisdictional issue? This case is before the Court on the Respondents['] Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 11). On August 20, 2018, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 37) recommending that the Court deny Respondents' motion. No party has filed an objection to the Report and Recommendation, and the time in which to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); M.D. Fla. R. 6.02(a).

The Magistrate Judge determined that the timeliness of an action under the Limitation Act, 46 U.S.C. § 30501-12, is a nonjurisdictional issue. Upon de novo

review, the Court has considered the contrary authority from outside the Eleventh Circuit, but concludes that the Magistrate Judge's reasoning is correct. Thus, the issue of whether the six month deadline to file a limitation action has been met does not implicate the Court's subject matter jurisdiction, but instead can be raised as an affirmative defense and litigated as such.[1]

It is hereby **ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 37) is **ADOPTED** as the opinion of the Court. A copy of the Report and Recommendation is attached to this Order.

2. Respondents['] Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 11) is **DENIED without prejudice**.

3. The parties shall file an amended case management report by **October 5, 2018**.

4. Respondents shall file an amended answer which asserts untimeliness as an affirmative defense by **October 5, 2018**.[2]

5. Petitioners' Motion to Strike Affirmative Defenses (Doc. 18) remains pending and will stand over to the amended answer.

---

[1] Respondents have not contended that the alleged untimeliness is obvious from the face of the complaint and therefore subject to dismissal under Rule 12(b)(6), Fed. R. Civ. P.

[2] In their Answer, (Doc. 12), Respondents raised untimeliness in the second affirmative defense solely as a jurisdictional issue and must replead it consistent with this Order.

**DONE AND ORDERED** in Jacksonville, Florida the 7th day of September, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj

Attachments:
Report and Recommendation

Copies to:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of record